State v. Almond

STATE OF NORTH CAROLINA v. DIANNA W. ALMOND, PHYLLIS J. FISHBACK, DENISE M. GROVE

No. 7912SC380

(Filed 18 September 1979)

**Prostitution § 2— being in public place to solicit act of prostitution—city ordinance—insufficiency of warrants**

> Warrants were insufficient to charge defendants with violation of a city ordinance making it unlawful for any person to be in a public place for the purpose of soliciting or procuring another to commit an act of prostitution where they failed to allege where the purported offenses occurred or whether they were committed in places which were public places, and failed to describe conduct proscribed by the ordinance.

APPEAL by the State from *Herring, Judge.* Judgment entered 6 November 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 August 1979.

*Attorney General Edmisten, by Associate Attorney Benjamin G. Alford, for the State.*

*No appearance by defendants.*

MARTIN (Robert M.), Judge.

The State appeals from a ruling that Fayetteville City Ordinance § 21-39 is unconstitutional. The portion of that ordinance under which the defendants were charged is as follows:

> "(d) It shall be unlawful for any person to be present in a public place for the purpose of inducing, enticing, soliciting, or procuring another to commit an act of prostitution. Among the circumstances to be considered in determining whether a person is present in a public place for an unlawful purpose within the meaning of this subsection are: that such person is a known prostitute or procurer; that such person repeatedly beckons to, or stops or attempts to stop, or engages or attempts to engage in conversation, passersby, or repeatedly stops or attempts to stop motor vehicles by hailing or waving of arms or by other bodily gesture. No arrest shall be made for a violation of this section unless the arresting officer first affords the suspected person an opportunity to explain his/her conduct and satisfies himself that the suspected person had an unlawful purpose within this subsection. No one

shall be convicted of violating this subsection if it appears that there was a lawful purpose for the arrested person's conduct.

We do not reach the question of the constitutionality of this ordinance. The warrants under which defendants were charged are fatally defective, in that they do not charge an offense under this ordinance or any other statutory provision of which we are aware. The warrants do not allege where the offenses occurred, or whether the purported offenses were committed in places that were public places, and do not describe conduct proscribed by the ordinance. The cases are remanded for entries of dismissal as to each defendant. Since the trial court never acquired jurisdiction over the defendants, the ruling as to the constitutionality of the statute is vacated, that issue not having been properly before the trial court.

Vacated and remanded for dismissal.

Judges CLARK and WEBB concur.